# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**COURT FILE NO: _____**

| | |
|---|---|
| Thomas Sadler<br><br>　　　　Plaintiff,<br><br>v.<br><br>Viking Client Services, Inc., d/b/a "Viking Collections", and Mike DOE<br><br>　　　　Defendants | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), violations of Minnesota and other state laws, and the invasions of Plaintiff's personal privacy by these Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. The Plaintiff, Thomas Sadler, is a natural person who resides in the City of Hutchinson, County of McLeod, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Viking Client Services Inc, (hereinafter referred to a "VC") is a corporation who according to the Minnesota Department of Commerce is a licensed debt collection agency with an address of 7500 Office Ridge Circle, Suite #100, Eden Prairie, MN 55344. According to the Minnesota Department of Commerce, their license number is as follows: 8 0 0 0 0 7 5. According to the Minnesota Department of Commerce, Viking Client Services, Inc., operates under a number of aliases and d/b/a's, including Viking Collection Service, Inc., and Viking Collection Service.

6. The Defendant, Mike Doe, (hereinafter referred to as "MD") is a natural person who was an individual representative and agent of VC and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Mike Doe's last name was never provided and it is unclear whether he was a licensed collector at the time of the relevant events.

### FACTUAL ALLEGATIONS

7. Prior to March 1, 2012, Plaintiff, Thomas Sadler, had retained Plaintiff's attorney, William T. Anderson (hereinafter referred to as "WTA"). WTA's representation includes but is not limited to representation for the purposes of bankruptcy, defense against debt related lawsuits, and for the purpose of restricting debt collector communications with the Plaintiff. Prior to March 1, 2012, Plaintiff had contacted a number of creditors and indicated that he was represented by WTA.

8. All debts allegedly owed by Mr. Sadler are "debts" as that term is defined by 15 U.S.C. § 1692a(5).

9. On March 1, 2012, Defendants caused a telephone call to be placed for the purpose of communicating with the Plaintiff's Attorney regarding the debts allegedly owed by the Plaintiffs. The phone number called belongs to WTA.

10. About 45 seconds into the phone call, MD indicated that he was calling about Plaintiff, Thomas Sadler. However, the beginning of the conversation went as follows:

WTA: "Hello."

MD: "Uh, Mr. Anderson?"

WTA: "Speaking."

MD: "Mike with Viking Collections. How are you today?"

WTA: "Good."

MD: "Good. Uh, could you verify for me whether a **mutual client** has retained you for a bankruptcy." (Emphasis added.)

WTA: "Are you an attorney?"

MD: "No, I am a collections agent."

WTA: "Well, there are many attorneys who act as collections agents. Are you an attorney?"

MD: "No, Sir. I work for Viking Collections in Eden Prairie."

11. At that point, WTA explained why he took issue with MD's use of the phrase "mutual client" and realized that WTA had previously raised concerns with VC's representatives and management for their persistent use of this false and misleading phrase.

12. WTA's practice of law is focused on legal issues related to debt and bankruptcy. WTA receives numerous phone calls from collectors every week. When confronted with a debt collector who uses the phrase "mutual client," WTA usually tells explains the problem with the following analogy to the medical profession.

> Consider the effects if I were to go over to some hospital and walk up to the attending doctor and by virtue of my doctorate degree in jurisprudence I were to say "Howdy Doc. I am Doctor Anderson. How is our mutual patient doing?"

> That medical doctor might mistakenly believe that I too am a licensed medical doctor rather than someone who knows nothing about medicine.

WTA gave a version of the above analogy to MD and explained that the use of the phrase "mutual client" when talking to an attorney has the same effect as using the phrase "mutual patient" when talking to a licensed medical doctor.

13. WTA usually also explains the seriousness of this confusion by explaining that in the late 1990's, the State of Tennessee's medical board initiated prosecution against a number of PhD psychologists who were purposely attempting to get around HIPAA privacy rules by referring to themselves as "Doctor" by virtue of their PhDs. The PhDs were placing phone calls to MD psychiatrists and asking for medical information related to their so called "mutual patients." The state board took exception to this on the basis that the context of the person hearing the phrase "mutual patient" would rightly believe that the other "doctor" was in fact a medical doctor rather than someone who has received no medical training whatsoever.

14. As WTA has explained on numerous occasions to representatives and management of VC, both the words "mutual" and "client" have specific legal meanings that when taken together as the phrase "mutual client," a very specific legal connotations is created. In its most basic form, the phrase "mutual client" means that both parties to the conversation are attorneys and that they both represent the same client in the same fiduciary capacity. WTA had previously explained this concern on several occasions with VC, its representatives and its senior management, including their Vice President in charge of compliance, Doug Boyum. Unfortunately, VC has continued this practice of using the phrase "mutual client."

15. By referring to Thomas Sadler as a "mutual client" when conversing with a person that Defendant MD knew to be an attorney, MD sought to create the false and misleading implication that MD was an also an attorney.

16. Falsely holding out oneself as an attorney violates Minnesota law. Specifically, Minn. Stat. § 481.02 Subdivision 1 provides in relevant part:

> It shall be unlawful for any person… except members of the bar of Minnesota admitted and licensed to practice as attorneys at law, to… by word… to hold out as competent or qualified to give legal advice or counsel… or as being engaged in advising or counseling in law or acting as attorney or counselor at law….

When MD used the phrase "mutual client" in the context of communicating with an attorney who would rightly interpret the phrase as coming from someone who is practicing law, MD violated Minn. Stat. § 481.02.

17. Violations of Minn. Stat. § 481.02 are considered a crime under Minnesota law. Specifically, Minn. Stat. § 481.02 Subdivision 8(a) provides in relevant part:

> Any person or corporation, or officer or employee thereof, violating any of the foregoing provisions shall be guilty of a misdemeanor.

18. The Fair Debt Collection Practices Act proscribes numerous practices that are deemed by Congress to be unfair; however, the list of prohibited unfair practices is neither exhaustive nor exclusive. On the contrary, the statute is broadly written. Specifically, 15 U.S.C. § 1692(f) provides as follows:

> [a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

The statute then lists a wide variety of prohibited conduct, such as, for example, prohibiting a collector from

> "[d]epositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument." 15 U.S.C. § 1692(f)(4).

19. In addition to unfair practices, the Fair Debt Collection Practices Act proscribes numerous practices that are deemed by Congress to be harassment or abuse. Again, Congress wrote the FDCPA with broad language and provided a list of prohibited practices that is likewise neither exhaustive nor exclusive. Specifically, 15 U.S.C. § 1692(d) provides as follows:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

The statute then lists another wide variety of prohibited practices, such as forbidding a debt collector from

> "[t]he use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person." 15 U.S.C. § 1692(d)(1).

20. It is axiomatic to say that committing a crime while trying to collect on a debt is fundamentally an unfair collection practice. Likewise, committing a crime against another person is certainly an act that is naturally oppressive to that other person, and may also be both harassing and abusive. Thus, under both 15 U.S.C. § 1692(f) and 15 U.S.C. § 1692(d), committing a crime in conjunction with efforts to collect on a debt violates the Fair Debt Collections Practices Act.

21. Because the State of Minnesota has determined that unauthorized practice of law is indeed a crime, then it logically follows that the unauthorized practice of law in conjunction with collecting on a debt is not only a crime – it also violates the Fair Debt Collections Practices Act, specifically 15 U.S.C. § 1692(f).

22. When MD attempted to collect on a debt in Minnesota by falsely holding himself out as an attorney licensed to practice law, MD committed a crime which is at the same time a violation of the Fair Debt Collections Practices Act. Defendant VC is vicariously liable for the illegal acts of its agent MD.

23. Moreover, the FDCPA specifically forbids certain false and misleading representations. Specifically, 15 U.S.C. § 1692(e) provides as follows:

> [a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

The statute then lists another wide variety of prohibited practices, such as forbidding a debt collector from

> "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692(e)(3).

Using the phrase "mutual client" falsely implies that MD is an attorney, in direct violation of 15 U.S.C. § 1692(e)(3).

24. Other provisions of 15 U.S.C. § 1692(e) were also violated by MD's use of the phrase "mutual client." Specifically, 15 U.S.C. § 1692(e)(10) forbids "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

25. The implication is more insidious than merely implying that MD is an attorney. Referring to a consumer as a "mutual client" is a tactic used by many debt collectors when contacting an attorney's office in the hope of obtaining information that might otherwise not be disclosed to a debt collector. At many attorney firms, incoming phone calls are initially answered by someone who is not an attorney – perhaps a receptionist, a

paralegal, a law clerk, or a secretary. The non-attorney answering the phone may be misled by the "mutual client" phrase into mistakenly believing that the caller is not only another attorney, but that the caller is in fact representing the client in the same fiduciary capacity as the actual attorney. This false implication may cause the attorney's staff – or even an unsuspecting attorney - to be tricked into revealing confidential attorney-client information, such as whether a client plans to settle an account or whether the client intends to file for bankruptcy. Inadvertent release of such information could have serious detrimental consequences to future negotiations with respect to the debt. The phrase "mutual client" is a cleverly calculated phrase whose effects are akin to attempting to take a peek at the attorney's cards when he or she is not fully aware.

26. Moreover, by referring to Mr. Sadler as a "mutual client" when conversing with Mr. Anderson, who the Defendant MD knew to be an attorney, MD sought to create confusion as to MD's own adversarial relationship to Mr. Sadler. The phrase falsely misrepresents the adversarial relationship that the debt collector has with Mr. Sadler. It creates the implication that the Defendants are not an adverse party; rather, it reinforces the idea that the Defendants were actually working for the client's interests rather than for the creditor's interests or their own self-interests. This false representation was intended to make it more likely that Mr. Anderson would share information concerning Mr. Sadler.

27. When MD used the phrase "mutual client" while seeking information about how Mr. Sadler intended to deal with the debt (i.e. through a bankruptcy), MD used a false representation to attempt to obtain information concerning the consumer, Mr. Sadler. When MD used a false representation to attempt to obtain information concerning Mr. Sadler, he violated 15 U.S.C. § 1692(e)(10).

28. Use of the phrase "mutual client" is not the only violation of the FDCPA. 15 U.S.C. § 1692(e)(14) forbids debt collectors from "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." Moreover, Minnesota law reinforces this requirement by requiring an accurate disclosure of the company name. Specifically, under Minn. Stat. § 332.37, no collection agency or collector shall (16) when attempting to collect a debt, fail to provide the debtor with the full name of the collection agency as it appears on its license."

29. MD failed to correctly identify his company when he referred to his employer as "Viking Collections." As stated in paragraph 5, "Viking Collections" is not the true name of the debt collector's business, company, or organization.

30. Moreover, by failing to provide the full name of the collection agency as it appears on their license, MD created confusion as to which actual legal entity MD worked for. According to the Minnesota Department of Commerce's Pulse Portal Web site, which lists all licensed debt collectors and collection agencies, there has never been any collection agency named Viking Collections. There are several that are close; yet, even that requires the consumer some confusion. There are nine different collection agencies that have used the name "Viking" in its name. Six of those also use the word "Collection." Of those six, two have active licenses. Those are both associated with the company "Viking Client Services" – the named Defendant. However, there is one other company that is actually registered as "Viking Check SVC Collections."

31. Moreover, when MD placed the phone call to WTA, MD failed to provide meaningful disclosure of the caller's identity. Failing to provide meaningful disclosure of the

caller's identity is considered by Congress to be harassment or abuse under 15 U.S.C. § 1692d, which provides that as follows:

> "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (6) except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

At no time did MD provide meaningful disclosure of his identity. He provided only his first name and the incorrect name of his employer, "Viking Collections."

32. Because MD failed to properly identify himself and his employer, WTA is unable to verify that MD is a licensed debt collector as required by Minnesota Statute § 332.32.

33. As an attorney who practices bankruptcy law, Mr. Anderson receives numerous communications from debt collectors. Mr. Anderson has observed that a considerable number of debt collectors are attempting to collect debts in Minnesota without being properly licensed to do so. As a result, Mr. Anderson has made it a customary habit of his law practice to check the licensure status of **every** collector who communicates with his office.

34. Under Minnesota state law, all debt collection agencies must be licensed by the Minnesota Department of Commerce. Likewise, all individual collectors who act under the authority of a collection agency must also register with the state commissioner. Further, if a collector wishes to use an "alias" rather than use their real name, then that alias must also be registered and approved by the state commissioner. Specifically, Minn.Stat. § 332.33 subdivision 1 provides in relevant part as follows:

> No person shall conduct within this state a collection agency or engage within this state in the business of collecting claims for others as defined in sections

> 332.31 to 332.45, without having first applied for and obtained a collection agency license. A person acting under the authority of a collection agency, as a collector, must first register with the commissioner under this section. A registered collector may use one additional assumed name only if the assumed name is registered with and approved by the commissioner.

35. Under Minnesota Statutes, failure to be properly licensed is deemed a crime – a misdemeanor. Specifically, Minn.Stat. § 332.33 subdivision 2 provides in relevant part as follows:

> A person who carries on business as a collection agency without first having obtained a license or acts as a collector without first having registered with the commissioner pursuant to sections 332.31 to 332.45, or who carries on this business after the revocation, suspension, or expiration of a license or registration is ***guilty of a misdemeanor***. (Emphasis added.)

36. Moreover, before an individual collector can collect on behalf of a collection agency, the individual collector must be registered by the collection agency with the state. Specifically, Minn.Stat. § 332.33 subdivision 5a provides in relevant part as follows:

> A licensed collection agency, on behalf of an individual collector, must register with the state all individuals in the collection agency's employ who are performing the duties of a collector….

In other words, the collection agency must register all of its individual collectors.

37. Upon information and belief, Plaintiff believes that MD was not properly licensed by the Minnesota Department of Commerce as a debt collector and that such failure to be properly licensed constitutes a misdemeanor, which would be a further violation of the Fair Debt Collection Practices Act, specifically both 15 U.S.C. § 1692(f) and 15 U.S.C. § 1692(d).

38. Upon information and belief, the phone conversation initiated by MD on March 1, 2012, was the initial communication by the Defendants regarding the debt in question. At no time during the conversation did MD provide any disclosures that indicated that any

information would be used for the purpose of collecting on a debt. Such disclosures are required in initial oral communications under 15 U.S.C. § 1692e(11), which considers it a violation to fail to "disclose … in that initial oral communication with the consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." Instead of providing a warning that information would be used for the purpose of the debt, MD later tried to downplay the purpose of his call, claiming that MD was only trying to verify bankruptcy representation. Even if that were true, MD has an obligation to disclose that information is being sought to assist in the collection of a debt.

39. By trying to mislead Mr. Sadler's attorney into providing an insight into how Mr. Anderson would be representing Mr. Sadler, the Defendants attempted to and did invade Mr. Sadler's privacy, sought to undermine Mr. Sadler's confidence and confidentiality inherent in his attorney's representation, and thereby caused the Plaintiff to suffer a mix of negative emotions, including but not limited to anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

**Summary**

40. The above-detailed conduct by Defendant, of false, deceptive and abusive practices in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above-mentioned provisions of the FDCPA.

41. The Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants, including actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst

other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## TRIAL BY JURY

42. Plaintiffs are entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

**COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.**

43. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

45. As a result of each and every Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

**COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.**

a. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiffs;

b. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiffs;

c. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiffs;

d. an injunction against Defendants from continuing the use of the phrase "mutual client" when communicating with any party regarding any debt; and

e. for such other and further relief as may be just and proper.

Respectfully submitted,

Dated:  March 1, 2013

/s/  William T. Anderson
_____
William T. Anderson, Esq. (#0388198)
Attorney for Plaintiffs
P.O. Box 1179
Chanhassen, MN  55317
952-472-0987  Phone
952-472-0989  Fax
Email:  will.anderson@wtalaw.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Thomas Sadler

### DEFENDANTS
Viking Client Services, Inc. d/b/a "Viking Collections" and Mike Doe

**(b)** County of Residence of First Listed Plaintiff: McLeod
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Hennepin
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William T. Anderson, Esq.,
P.O. Box 1179, Chanhassen, MN 55317
phone: 952-472-0987

Attorneys *(If Known)*
not known at this time

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **LABOR** / **SOCIAL SECURITY** | [X] 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1692 - Violations of the Fair Debt Collections Practices Act

Brief description of cause:
Defendants engaged in illegal collection practices

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: March 1, 2013

SIGNATURE OF ATTORNEY OF RECORD: /s/ William T. Anderson

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)  County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)  Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.**  Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.  Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.